Smith, J.
The petition alleges that on the 1st day of May, 1876, the relator was appointed a member of the Board of Examiners of teachers of the Cincinnati School District, and continued in office under successive appointments until August 31, 1888. When he was so appointed, the board of education had not determined the amount to be paid to examiners, as the *98 statute then and now requires, and it took no action on the subject until August 26,1889, when it fixed such compensation at $300 per annum, and subsequently ordered that the payment of such compensation should commence April 16, 1888; and in October and November, 1888, it paid relator for his services under said appointments for the period between April, 16, and August 31, 1888, at that rate. But the board refused to pay him anything for his services for the time prior to April 16, 1888.
He says that during all of this time, he urged the board to fix and pay his compensation, but made no formal demand, and brought no legal proceeding to compel it to do so, believing that at sometime it would do him justice, and that he never heard until November or December, 1888, that the board contested his right to compensation for the time before April 16, 1888. That be has since delayed proceedings, because another examiner was endeavoring to enforce his claim, and be says the board has always had knowledge of relator’s claim, and has suffered no injury by the delay. Wherefore he prays that a writ of mandamus issue, commanding the board of education to fix and pay to relator a reasonable compensation for his said services for the period between May 1,1876, and April 16,1888.
No answer or other pleading has been filed by the defendant, but by agreement among themselves, counsel were heard on the question, whether the writ should issue, requiring the board to fix the compensation of the relator from May 1, 1876, to April 16, 1888, or only for the time, which he served in the six years preceding the filing of the petition.
We think it must be conceded that if the relator had a right to sue the board to recover the amount due him for his compensation as an examiner, and had done so, and the plea of the statute of limitations of six years had been interposed by the defendant, it would have prevented a recovery for any amount which had accrued more than six years before the bringing of the action. It must also be conceded on the other side, under the decision of the Supreme Court in Chinn v. Trustees, 32 Ohio St. 236, that a proceeding in mandamus not being a civil action, and the statute of limitations, *99 by its express terms, applying only to such actions, if the law is the same noto as when that decision was made, that if the plea had been here interposed, it would not have constituted a legal defense. But as mandamus proceedings since the revision of the statutes of 1880, have been incorporated into the code of civil procedure, and to some extent are governed thereby, there may be a question, whether the statute of limitations does not apply thereto. The case of Dutten v. The Village of Hanover, 42 Ohio St. 215, would seem to favor this view, as it was there held that the issue made in that case (which was a proceeding in mandamus), was not of right triable by a jury, and therefore that either party might appeal from the judgment of the court of common pleas therein. The court does not decide or even refer to the question whether it was a civil action; but as section 5226, Rev. Stats., the general section which authorizes an appeal from the court of common pleas to the circuit court, provides that an appeal may be taken “ from a judgment or final order in a civil action rendered by the court of common pleas,” etc., it would seem to follow that the Supreme Court considered a proceeding in mandamus to be a civil action, in so far at least as to authorize an appeal therein. Aside from this decision we would entertain much doubt whether the mere change of the position of the sections of the statute, from one part of the code of civil procedure to another, would be sufficient to show that it was the legislative intent that the statute of limitations which the court had held did not apply to such proceedings, should now do so. Under the code of 1853, proceedings in mandamus were not excepted from its operation, as were proceedings in habeas corpus, quo warranto, bastardy and many others, by sec. 604, but seem to have been as much governed thereby as they are by the code as brought into the Revised Statutes.
But however this may be (and in our judgment it is not necessary in this case to decide the question), the holding of the court in 32 Ohio St. 256, is substantially this: That while there is no statutory limitation of the time within which a writ of mandamus may be allowed, it does not follow that a party may delay his application therefor at pleasure, without detriment to his rights. Where the delay has been unreason *100 able, or prejudicial to the defendant, the court in the exercise of a sound judgment, may well refuse the writ. And some courts hold that mandamus may be brought only within the time fixed for the limitation of similar or analagous remedies.
Robert Kuehnert and Q. W. Merrill, for relator.
L. M. Hadden, Assistant City Solicitor, for defendant.
Applying these principles to the case before us, how does it stand, and what should be the action of the court ?
The petition itself shows that the relator accepted this position of examiner Mayl, 1876 (thirteen years ago), with the knowledge, doubtless, that the board of education of the city had never fixed any compensation for the examiners under the law of April 18, 1874; Yol. 71, 107.
He alleges that during his whole twelve years of service, he continually urged upon members of the board to fix and pay his compensation, but they failed to do it. Under this state of affairs, his first term of three years expired, and he was again appointed, and accepted the position; and the same thing occurred twice thereafter. With full knowledge of his rights, and of the failure of the board to fix any compensation, and with the same process open to him as now, to apply for a writ of mandamus, to require the board to act, he declines to avail himself of it, and continues his service under four several appointments without legal complaint, until after the expiration of his last term. This, we think,' should be considered as a waiver on his part of any right to compensation for any period back of six years from this time — and constitutes such laches on his part as to justify and require the court to refuse to issue a writ to the board to fix his compensation for any time prior to the six years.
Of course, this question would be more formally and properly presented by way of answer, than in the mode in which it is done — but at request of counsel, we dispose of it on the allegations of the petition.